UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUAN KEON JACKSON,<br><br>Defendant. | Case No. CR22-037-RSL<br>CR20-096-RSL<br><br>ORDER DENYING MOTION TO REVOKE DETENTION ORDER AND REQUESTING SUPPLEMENTAL BRIEFING REGARDING TEMPORARY RELEASE |

This matter comes before the Court on defendant Jaquan Keon Jackson's "Motion to Revoke Detention Order; Motion for Temporary Release" (CR22-037-RSL ("CR22") Dkt. # 26; CR20-096-RSL ("CR20") Dkt. # 104). The Court, having reviewed the parties' submissions and the remainder of the record, including the recordings of the detention hearings conducted on (1) February 28, 2022 before the Honorable S. Kate Vaughan, U.S. Magistrate Judge, and (2) March 24, 2022 before the Honorable Brian A Tsuchida, U.S. Magistrate Judge, finds as follows:

I.   **Motion to Seal**

As a threshold matter, the Court finds that defendant's motion is replete with sensitive and confidential information, including information pertaining to a juvenile and defendant's mental health information. The Court therefore grants defendant's motion to seal.

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER AND REQUESTING
SUPPLEMENTAL BRIEFING - 1

## II. Motion to Revoke Detention Order or for Temporary Release

Defendant is charged with unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR22 Dkt. # 1. Defendant also allegedly violated the conditions of his supervised release by (1) committing the crime of driving under the influence, (2) consuming alcohol, (3) committing the crime of driving while license suspended, (4) committing the crime of penalty-violation related to a requirement of ignition interlock, (5) committing the crime of making a false or misleading statement to a public servant, and (6) possessing a firearm. CR20 Dkts. # 80, # 89, # 90. The charge and alleged violations all stem from a February 4, 2022 incident where defendant allegedly drove under the influence of alcohol while his license was suspended and without a court-ordered ignition interlock device, crashed his car into a roadway barrier, and switched seats with his passenger to attempt to convince law enforcement that she, not him, had been driving the car. See CR20 Dkt. # 106-8; CR22 Dkt. # 28-8. Law enforcement later located a fanny pack at the scene of the crash containing various papers with defendant's name and a Glock .40 caliber handgun with an extended magazine. See CR20 Dkt. # 106 at 6; CR22 Dkt. # 28 at 6.

Defendant's evidentiary hearing on revocation of supervised released in Case No. CR20-096-RSL is scheduled for August 4, 2022, CR20 Dkt. # 102, and his jury trial in Case No. CR22-037-RSL is scheduled to begin on August 8, 2022, CR22 Dkt. # 24.

On February 28, 2022, Judge Vaughan ordered defendant detained pending the evidentiary hearing on revocation of supervised released. CR20 Dkt. # 100. On March 24, 2022, Judge Tsuchida ordered defendant detained pending trial. CR22 Dkt. # 16. Defendant moves the Court to revoke Judge Vaughan and Judge Tsuchida's respective detention orders and release him on an appearance bond with conditions recommended by U.S. Probation and Pretrial Services. Alternatively, defendant moves the Court to temporarily release him on an appearance bond with conditions recommended by U.S. Probation and Pretrial Services so that he may take the necessary steps to provide for the guardianship of his nine-year-old daughter.

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER AND REQUESTING
SUPPLEMENTAL BRIEFING - 2

### A. Motion to Revoke Detention Order

Defendant moves the Court to revoke Judge Vaughan and Judge Tsuchida's respective detention orders. "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This Court has original jurisdiction over the offense and reviews the magistrate judge's detention order *de novo*. United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Accordingly, the Court reviews the evidence that was before the magistrate judge and any additional evidence proffered by the parties to "make its own independent determination whether the magistrate's findings are correct with no deference." Id. at 1193.

Regarding defendant's supervised release proceedings, he must be detained pending the evidentiary hearing "unless the judicial officer finds by clear and convincing evidence that [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6).

Regarding defendant's upcoming trial, he may be detained before trial only if "no condition or combination of conditions will reasonably assure the appearance of [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). However, because revocation of defendant's detention pending trial would be ineffectual without also revoking his detention pending his supervised release evidentiary hearing, defendant must meet the higher threshold of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community if released.

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER AND REQUESTING
SUPPLEMENTAL BRIEFING - 3

When analyzing whether conditions will reasonably assure defendant's appearance and the safety of the community, the Court must consider (1) the nature and circumstances of the offense charged, including whether the offence involves a firearm, (2) the weight of the evidence, (3) the history and characteristics of defendant, and (4) the danger to any person or the community that defendant would pose if released. 18 U.S.C. § 3142(g). Of these factors, the weight of the evidence is the least important, and the statute does not permit a pretrial determination of guilt. United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

Having conducted a *de novo* review, the Court declines to revoke the detention orders.

It is undisputed that defendant is unlikely to flee. The Court agrees. The key question before the Court is whether defendant poses a danger to the safety of any other person or the community. The first element is the nature and circumstances of the offense charged. The Court recognizes that the charge is for simple possession of a firearm. However, defendant's alleged conduct surrounding law enforcement's discovery of the firearm – driving under the influence and crashing his car into a roadway barrier – was extremely dangerous to not only defendant and his passenger, but to other motorists. This element weighs against revocation of detention. The second element is the weight of the evidence. Defendant has indicated that he acknowledges his guilt and intends to enter a guilty plea. See CR22 Dkt. # 26 at 10, CR20 Dkt. # 104 at 10. The Court finds that this element is irrelevant to its analysis of defendant's danger to the community. The third element considers the history and characteristics of defendant. Defendant's ties to his daughter and community outreach efforts weigh in his favor. Defendant's history of alcohol abuse – notably a key factor in the alleged conduct before the Court, his criminal history – including that he was convicted in federal court in both 2016 and 2019 for being a felon in possession of a firearm, see CR22 Dkt. # 5 at 6-7, and the fact that defendant was on federal supervised release when the offense in question allegedly occurred all weigh heavily against him. The final factor is the danger to any person or the community that defendant would pose if released. While the Court looks favorably on defendant's community outreach work, it cannot overlook defendant's pattern of dangerous behavior. This factor,

therefore, also weighs against his release. The Court affirms the detention orders of Judges Vaughan and Tsuchida.

### B. Motion for Temporary Release

Alternatively, defendant moves the Court to temporarily release him so that he may take necessary steps to provide for the guardianship of his nine-year-old daughter. A judicial officer may temporarily release someone in custody "to the extent the judicial officer determines such release to be necessary for preparation of [defendant's] defense, or for another compelling reason." 18 U.S.C. § 3142(i). In the absence of Ninth Circuit precedent, the Court adopts a test promulgated by a fellow district court and considers: "(1) the original grounds for a defendant's pretrial detention; (2) the strength of the defendant's interest in the requested furlough; and (3) whether the proposed release plan strikes an appropriate balance among these considerations." United States v. Aziz, No. CR21-0118-JLR, 2021 WL 5514432, at *1 (W.D. Wash. Nov. 24, 2021).

While the Court is open to considering the appropriateness of temporary release, it lacks sufficient information to rule on the motion at this time. Given the current suspension of legal and social visiting due to the outbreak of COVID-19 at SeaTac FDC, in lieu of a hearing, the Court directs the parties to submit supplemental briefing addressing the following matters:

1. How many days of temporary release would defendant require to take necessary steps to provide for the guardianship of his nine-year-old daughter? In particular, the Court seeks input from defendant's daughter's social workers at the Washington State Department of Children, Youth, and Families.
2. Where would defendant reside while on temporary release?
3. Could defendant take necessary steps to provide for the guardianship of his nine-year-old daughter while on home confinement, or would a curfew be more appropriate?
4. Are there any other considerations regarding timing of which the Court should be aware?

### III. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER AND REQUESTING
SUPPLEMENTAL BRIEFING - 5

1. Defendant's Motion to Seal Motion to Revoke Detention Order or for Temporary Release (CR22 Dkt. # 25; CR20 Dkt. # 103) is GRANTED.
2. Defendant's Motion to Revoke Detention Order (CR22 Dkt. # 26; CR20 Dkt. # 104) is DENIED.
3. Regarding defendant's Motion for Temporary Release (CR22 Dkt. # 26; CR20 Dkt. # 104), the parties shall submit supplemental briefing responsive to the Court's queries included in Part II.B. of this Order on the following schedule:
   a. Defendant shall file supplemental briefing no later than July 8, 2022.
   b. The government shall file supplemental briefing no later than July 13, 2022.

In the event that the parties are unable to comply with the above briefing schedule due to the ongoing suspension of visitation at SeaTac FDC, the parties shall submit a stipulated motion setting forth a modified briefing schedule.

DATED this 1st day of July, 2022.

Robert S. Lasnik
United States District Judge