UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAQUAN KEON JACKSON,<br><br>　　　　　　　Defendant. | Case No. CR22-037-RSL<br>　　　　　　CR20-096-RSL<br><br>ORDER DENYING MOTION<br>TO REVOKE ORDER<br>REVOKING RELEASE |

This matter comes before the Court on defendant Jaquan Keon Jackson's "Motion to Revoke Order Revoking Release" (CR22-037-RSL ("CR22") Dkt. # 53; CR20-096-RSL ("CR20") Dkt. # 128). Having reviewed the parties' submissions and the remainder of the record, the Court finds as follows:

**I.　Motions to Seal**

The government moves the Court to seal its response memorandum and accompanying Exhibits 1-5. The government argues that sealing is appropriate because Exhibits 1-5 relate to a criminal matter that has not been referred for prosecution and is therefore not public, and its response memorandum cites to a civilian witness' statements to such an extent that redaction is impracticable. The Court agrees that sealing the government's response memorandum and accompanying Exhibits 1-5 serves a compelling interest. The government's motion to seal is therefore granted.

Defendant moves the Court to seal his reply memorandum and accompanying Exhibits 1-4. The Court finds that these documents refer throughout to the same criminal matter

that the government references above.  Sealing of these documents serves a compelling interest. Defendant's motion to seal is therefore granted.

## II. Motion to Revoke Order Revoking Release

On August 2, 2022, the Court granted defendant's request for temporary release to allow him to arrange for the care of his nine-year-old daughter.  See CR22 Dkt. # 44; CR20 Dkt. # 118.  Defendant's temporary release was subject to the terms of an appearance bond.  See CR22 Dkt. # 45; CR20 Dkt. # 119.  Defendant was released from custody on August 5, 2022.  See id.  Only mere days after defendant's release, he was accused of the crime of assault – domestic violence, had missed or submitted late several alcohol tests, and had not been timely in his response to the Location Monitoring Team.  See CR22 Dkts. # 46, # 48; CR20 Dkts. # 120, # 122.  On August 12, 2022, the Court issued an arrest warrant for defendant, see CR22 Dkt. # 47; CR20 Dkt. # 121, and defendant was arrested on August 16, 2022, see CR22 Dkt. # 50; CR20 Dkt. # 124.  Defendant now argues that the Court should reinstate his temporary release due to discrepancies between the description of the alleged domestic violence event and defendant's location monitoring data.  See CR22 Dkt. # 53; CR20 Dkt. # 128.

A judicial officer may temporarily release someone in custody "to the extent that the judicial officer determines such release to be necessary for preparation of [defendant's] defense or for another compelling reason."  18 U.S.C. § 3142(i).  In the absence of Ninth Circuit precedent, the Court adopts a test promulgated by a fellow district court and considers: "(1) the original grounds for a defendant's pretrial detention; (2) the strength of the defendant's interest in the requested furlough; and (3) whether the proposed release plan strikes an appropriate balance among these considerations."  United States v. Aziz, No. CR21-0118-JLR, 2021 WL 5514432, at *1 (W.D. Wash. Nov. 24, 2021).  Temporary release is granted at the discretion of the Court.  See 18 U.S.C. § 3142(i).

The Court's initial decision to grant defendant temporary release was a very close call. Given defendant's alleged conduct during the short period that he was out of custody, the Court finds that the above factors no longer support temporary release.

### III. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The government's Motion to Seal (CR22 Dkt. # 57; CR20 Dkt. # 132) is GRANTED.
2. Defendant's Motion to Seal Reply (CR22 Dkt. # 59; CR20 Dkt. # 134) is GRANTED.
3. Defendant's Motion to Revoke Order Revoking Release (CR22 Dkt. # 53; CR20 Dkt. # 128) is DENIED.

DATED this 26th day of September, 2022.

Robert S. Lasnik
United States District Judge