UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUAN KEON JACKSON,<br><br>Defendant. | Case No. CR22-037-RSL<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DUE DATE |

This matter comes before the Court on defendant Jaquan Jackson's "Unopposed Motion to Continue Trial and Pretrial Motions Deadline" (Dkt. # 63).  Having considered the facts set forth in the motion, and defendant's knowing and voluntary waiver (Dkt. # 64), the Court finds as follows:

1.   The Court adopts the facts set forth in the unopposed motion: in particular, that (a) defense counsel requires additional time to investigate the facts of the offense because a third party recently retracted a sworn statement accepting responsibility for the firearm, (b) defendant requires additional time to review the discovery himself, and this process is slowed by conditions at FDC SeaTac, (c) defense counsel has recently become aware of arguments based on New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), challenging the constitutionality of 18 U.S.C. § 922(g), and requires additional time to competently make and preserve these arguments, and (d) defense counsel requires additional time to retain a mental health expert to consult with defendant regarding PTSD to ensure that defendant's ultimate decision is made knowingly, voluntarily, and with confidence in counsel.  The Court

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 1

accordingly finds that a failure to grant a continuance would deny counsel, and any potential future counsel, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The Court finds that a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. The Court finds that the additional time requested between the current trial date of October 31, 2022, and the proposed trial date of March 20, 2023, is a reasonable period of delay. The Court finds that this additional time is necessary to provide defense counsel reasonable time to prepare for trial, as defendant has requested more time to prepare for trial, to continue to investigate the matter, to gather evidence material to the defense, and to consider possible defenses. The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendant the reasonable time necessary to prepare for trial, considering all of the facts set forth above.

4. The Court further finds that this continuance would serve the ends of justice, and that these factors outweigh the best interests of the public and defendant in a speedier trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

5. Defendant has provided a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including April 3, 2023, Dkt. # 64, which will permit his trial to start on March 20, 2023.

IT IS HEREBY ORDERED that the trial date shall be continued from October 31, 2022 to March 20, 2023, and pretrial motions are to be filed no later than January 20, 2023;

IT IS FURTHER ORDERED that the period of time from the current trial date of October 31, 2022, up to and including the new trial date, shall be excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. The period of delay attributable to this filing and

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 2

granting of this motion is excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B).

DATED this 3rd day of October, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 3